IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE W. TAYLOR,

Plaintiff,

v.

SEAN DE MELLO,

Defendant.                                                  No. 15-cv-847-DRH-PMF

MEMORANDUM and ORDER

HERNDON, District Judge:

## I.   Introduction

Now before the Court is defendant Sean DeMello's motion to dismiss plaintiff's complaint (Doc. 7) pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6). Plaintiff George W. Taylor, opposes the motion on grounds that the pleading requirements of 12(b)(6) are satisfied and defendant has adequate notice of plaintiff's claims (Doc. 32). For the reasons explained below, the Court **DENIES** defendant's motion to dismiss (Doc 7).

## II.   Background[1]

On June 02, 2009, Plaintiff George W. Taylor was sentenced by the Circuit Court of Williamson County to a twenty-four month term of probation pursuant to negotiated plea between himself and DeMello, who was the assistant state's

---

[1] Because this matter is before the Court on a motion to dismiss, these facts are taken from the complaint and are presumed true for purposes of this motion. The Court further draws all reasonable inferences in favor of the Plaintiff. *See Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 995 (7th Cir. 2014).

attorney for Williamson County at the time. Taylor successfully completed his term of probation, which expired on June 2, 2011.

On September 2, 2011, DeMello, in his role as an assistant state's attorney for Williamson County, prepared, signed and filed a sworn petition seeking to revoke Taylor's probation. Thereafter, on May 24, 2012, pursuant to the allegations contained in the revocation petition, Taylor was sentenced to seven years in the Illinois Department of Corrections ("IDOC").

Finally, on March 18, 2015, Taylor was released from IDOC pursuant to an order granting his immediate release on the basis that the sentence imposed on May 24, 2012 was void (Doc. 1-1). At the time the petition to revoke probation was filed, Taylor's 24 month probation period had expired (*Id.*)

Following Taylor's release, he filed his complaint, under 28 U.S.C. §1983 on August 3, 2015 (Doc. 1). Taylor alleges violations of his Fourth Amendment guarantee against unreasonable seizure under United States Constitution. Subsequent to Taylor's filing of the complaint, DeMello moves to dismiss the complaint pursuant to Rule 12(b)(6) alleging that Taylor's claim is barred under the statute of limitations and that DeMello has both prosecutorial immunity and qualified immunity for the claim (Doc. 7).

### III.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Hallinan v. Fraternal Order of Police Chicago Lodge*

*No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient factual matter to state a claim to relief that is plausible on its face." Firestone Fin. Corp. v. Meyer, 796 F.3d 822, 826 (7th Cir. 2015) (quotation omitted). The Supreme Court explained *in Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that a complaint "does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." in order to withstand Rule 12(b)(6) dismissal. *Twombly*, 550 U.S. at 570.

Despite *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) retooling federal pleading standards, notice pleading remains all that is required in a complaint. "To satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must merely provide a short and plain statement of the claim which is sufficient to give the defendant fair notice of what the...claim is and the grounds upon which it rests[.]" *Smith v. Dart*, 803, F.3d 304, 309 (7th Cir. 2015) (quotation omitted). When reviewing a complaint on a 12(b)(6) motion, the Court accepts all well-pleaded facts in the complaint as true and then asks whether those factual allegations state a plausible claim for relief. See *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) ("In deciding or reviewing a Rule 12(b)(6) motion, [courts] do not ask did these things happen; instead, 'the proper question to ask is still could these things have happened.' ") (quoting Carlson v. CSX Transp., Inc., 758 F .3d 819, 827 (7th Cir.2014)) (internal quotation marks omitted); *Rujawitz v. Martin*, 561 F.3d 685,

688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

The statute of limitations is an affirmative defense that need not be anticipated in the complaint to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005). Where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" the court may dismiss a claim in a Rule 12(b)(6) motion if the claim is precluded by a statute of limitations defense. *Lewis*, 411 F.3d at 842; see *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir.2009) (granting motion to dismiss based on statute of limitations defense where the relevant dates were set forth unambiguously in the complaint). "Unless the complaint alleges facts that create an ironclad defense," however, "a limitations argument must await factual development" of the record. *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir.2005). With this in mind, the Court turns to DeMello's motion to dismiss.[2]

### IV. Analysis

a. **Whether Taylor's Claims Are Timely**

DeMello seeks dismissal of the complaint under Rule 12(b)(6) alleging that Taylor's Fourth Amendment claim is barred by the statute of limitations (Doc. 7). Taylor in turn argues that DeMello misapplies the holding of *Wallace v. Kato*, 549 US 384 (2007) and "wrongly conflates a criminal prosecution with a revocation of

---

[2] In his response to DeMello's motion to dismiss, Taylor attached an affidavit to support his response. However, the Court may not consider Justin London's affidavit when deciding the merits of the motion to dismiss. The affidavit presents matters outside the pleadings, and the court will not treat the motion to dismiss as one for summary judgment. See Fed. R. Civ. P. 12(d).

probation proceeding" (Doc. 12).

Section 1983 does not contain an express statute of limitations and to determine the limitations period the court looks to the forum state's statute of limitations for personal injury claims, which for Illinois is two years. See *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), aff'g *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir.2006). Although state law governs the statute of limitations, federal law controls when the claim accrues. See *Wallace v. Kato*, 549 U.S. at 388, *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir.1998). Accrual marks the date on which the statute of limitations begins to run. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990).

A § 1983 claim accrues under federal law "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. at 388 (internal citation omitted). Under *Wallace*, the statute of limitations on a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.

DeMello, applying *Wallace*, argues that Taylor's Fourth Amendment claim accrued on January 25, 2012, when Taylor's unlawful detention ended and he was subjected to legal process (i.e. appearing in court). A false imprisonment ends, and the § 1983 claim accrues when a plaintiff is held pursuant to a warrant or other judicially issued process. *National Cas. Co. v. McFatridge*, 604 F.3d 335

(7th Cir. 2010). DeMello therefore argues that Taylor's claim should be dismissed based on the fact that the two-year statute of limitations lapsed.

In response, Taylor contends that the statute of limitations defense misapplies the *Wallace* holding to the facts of this case. Taylor highlights that not only did the court lack subject matter jurisdiction over the probation revocation proceeding and over Taylor as his person, but the court never made a finding of probable cause relating to Taylor's probation violation to start the statute of limitations clock. In Illinois, subject matter jurisdiction and personal jurisdiction over a probationer last only for the duration of one's probation. *People v. Speight*, 72 Ill. App. 3d 203, 389 N.E.2d 1342 (1979); Here, Taylor's probation terminated on June 2, 2011.

As mentioned above, *Wallace* held that the statute of limitations for a claim for false arrest or unreasonable seizure, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. However, the Illinois Supreme Court *in People v. Lindsey*, 199 Ill.2d 460, 264 Ill.Dec. 695, 771 N.E.2d 399 (2002) held that probation revocation proceedings are civil rather than criminal proceedings. Moreover, the Court's order revoking his probation was void as no subject matter jurisdiction existed, and no finding of probable cause was issued as to Taylor's probation violation. Accordingly, Taylor maintains that the statute of limitations for his Fourth Amendment claim started to run when, by order of the Williamson County Circuit Court entered March 18, 2015, Taylor was released from IDOC. The Court

agrees.

### b. Whether DeMello Has Immunity To This Action

DeMello argues in his motion to dismiss that Taylor's complaint should also be dismissed based on prosecutorial immunity or qualified immunity. DeMello relies on *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) and *Imbler v. Pachtman* 424 U.S. 409 (1976), which states that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430.

The Supreme Court in *Imbler* held that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution, and in presenting the state's case, was absolutely immune from a civil suit for damages for alleged deprivations of the defendant's constitutional rights under 42 U.S.C. § 1983. Although the Supreme Court in *Imbler* established absolute prosecutorial immunity for a specified activity, the Court also emphasized that a court had "no occasion to consider whether the reasons for absolute immunity required immunity for those aspects of a prosecutor's responsibility that cast him in the role of an administrator or an investigative officer rather than that of advocate.'" 424 U.S. 409, 430

Here, defendants rely on an overly broad reading of *Imbler*, as Taylor instead alleges that DeMello was acting as a "witness" when he swore that Taylor was on probation in the Petition for Revocation of Probation (Doc. 12, pg 4-5). In *Olson v. Champaign County*, 784 F3d 1093 (7th Cir 2015), the Seventh Circuit,

following *Kalina*, rejected the prosecutor's claim of absolute prosecutorial immunity on the grounds that the prosecutor had sworn to the information and thus made himself a witness in this case. In *Kalina*, the Court found that because the prosecutor personally attested to the truth of the averments in the certification for determination of probable cause "under penalty of perjury," that prosecutor was not entitled to absolute immunity. "Testifying about facts is the function of the witness, not of the lawyer." *Kalina*, 522 U.S. at 130.

Applying the *Kalina* and *Olson* rationales to the case at bar, and taking facts in the light most favorable to the plaintiff, DeMello does not have immunity from the suit at bar. Absolute immunity is generally accorded to prosecutors functioning in their official capacities, but in this instance, Taylor sufficiently pleads that DeMello swore to the information in the Petition for Revocation of Probation embracing the affidavit attached to the petition, therefore falling outside the scope of administrative or investigatory functions and outside DeMello's role as an officer of the court. Accordingly, DeMello is not entitled to absolute immunity based on his role as prosecutor because, at the time Taylor alleges that DeMello swore to the information in the Petition for Revocation of Probation, DeMello was not performing his role as prosecutor, nor was he performing investigatory functions. Taylor alleges that DeMello was acting as a "witness".

Based on the pleadings filed, and construing the facts in a light most favorable to Taylor, the complaint sufficiently alleges that DeMello was acting as a

"witness", thus falling outside scope of absolute or qualified immunity. Therefore, Taylor's complaint survives DeMello's 12(b)(6) challenge.

## V. Conclusion

Accordingly, the Court **DENIES** defendant Sean DeMello's motion to dismiss (Doc. 7). Furthermore, the Court reminds the parties of the phone conference with Magistrate Judge Frazier scheduled for May 16, 2016.

**IT IS SO ORDERED.**

Signed this 15th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.15 08:13:52 -05'00'

**United States District Judge**